## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| VICTOR RAMIREZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 21-cv-01533 |
| v. ) | |
| ) | |
| EXPERIAN INFORMATION SOLUTIONS, ) | |
| INC.; TRANSUNION, LLC.; ) | |
| MOUNTAIN RUN SOLUTIONS, LLC ) | |
| f/k/a PERFECTION COLLECTION LLC, ) | |
| ) | Jury Demanded |
| Defendants. ) | |

## COMPLAINT

Plaintiff, Victor Ramirez, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA) and the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. ("FCRA"), and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA and 28 U.S.C.§ 1331, and jurisdiction arises under the Fair Credit Reporting Act 15 U.S.C. §1681, et. seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

2. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

## PARTIES

3. Plaintiff, Victor Ramirez ("Plaintiff"), is a resident of the State of Illinois, and a "consumer" as that term is defined at 15 U.S.C. § 1681a(c) of the FCRA.

4. Defendant Mountain Run Solutions LLC. f/k/a Perfection Collection, LLC. ("MRS") is a Utah corporation. Its registered agent is Registered Agents Solutions, Inc. 901 S. 2nd St., Suite 201, Springfield, IL 62704.

1

5. MRS is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

6. The principal purpose of MRS's business is the collection of defaulted consumer debts, as it receives all of its revenue from collecting said debts.

7. MRS regularly collects or attempts to collect debts owed or due to another agency and is therefore it is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

8. Defendant, Experian Information Solutions, Inc. ("Experian"), is a corporation formed under the laws of the State of Ohio that that regularly conducts business throughout every state and county in the United States and is registered to do business in Illinois. Experian's registered agent is C T Corporation System, located at 208 S LaSalle Street, Suite 814, Chicago IL 60604.

9. Experian regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties and uses interstate commerce to prepare and/or furnish consumer reports. Accordingly, at all relevant times Experian was a "consumer reporting agency" as that term is defined at 15 U.S.C. § 1681a(f).

10. TransUnion, LLC, ("TransUnion"), is a Delaware limited liability company that regularly conducts business throughout every state and county in the United States. It does business in Illinois and its registered agent is Illinois Corporation Service Co, located at 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

11. TransUnion regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties and uses interstate commerce to prepare and/or furnish consumer reports. Accordingly, at all relevant times TransUnion was a "consumer reporting agency" as that term is defined at 15 U.S.C. § 1681a(f).

## FACTUAL ALLEGATIONS

12. According to Defendants, Plaintiff incurred an alleged debt for goods and services originally for a Monitronics consumer account ("alleged debt"), account number beginning in 830101XXXX.

13. The account is listed as such on Plaintiff's credit report, as "MONITRONICS BRINKS."

14. Plaintiff signed up for Monitronics home monitoring sometime in 2014 and agreed to monthly automated payments.

15. However, in 2017, Monitronics increased the amount of his payments without notifying him him of a price increase.

16. Plaintiff contacted Monitronics immediately and cancelled his service as he was no longer in his initial contract period.

17. Plaintiff signed up for home monitoring with a different service.

18. Unbeknownst to Plaintiff, Monitronics continued to charge him for service despite his contract period being up and despite his having informed them he was cancelling his service due to the price increase.

19. The account subsequently went into default.

20. Sometime thereafter, MRS began collecting on the account.

21. MRS began reporting the alleged debt to all three credit bureaus.

22. Plaintiff notified MRS on two separate occasions that its reporting of an alleged Monitronics account was not accurate, but they ignored him.

23. Plaintiff turned his attention to the credit bureaus, taking the position that he did not owe the debt at all, and that at a minimum the amount being reported was inaccurate.

24. On January 6, 2021, Plaintiff, through counsel, sent letters to Experian and TransUnion, stating that inaccurate information is being reported on his credit report regarding the alleged debt.

25. Experian and TransUnion did not respond to the disputes other than to indicate that disputes were received on Plaintiff's credit report.

26. However, after obtaining copies of his recent credit reports, Plaintiff discovered that Experian and TransUnion were still reporting Defendant's tradeline with an inflated balance.

27. As the incorrect balance of the debt was being reported, or had been reported, by Monitronics, even a very basic investigation would have alerted Defendants to the inaccuracy in Defendant's reporting.

28. The information being reported by Experian and TransUnion is not accurate.

## COUNT I—UNREASONABLE REINVESTIGATION—EXPERIAN

29. Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

30. On January 6, 2021, Plaintiff through counsel, sent a letter to Experian, stating that inaccurate information is being reported on his credit report, and asking that the account be removed. (Exhibit A, Experian Letter).

31. Experian received Plaintiff's dispute and supporting documentation on January 16, 2021, and noted the dispute on his credit report.

32. However, to date, Experian continues to report the tradeline on the account, as recently as March 12, 2021.

33. The tradeline lists numerous inaccuracies including the $555 balance.

34. Despite the foregoing, Experian has disseminated credit reports and/or information that Plaintiff owes the foregoing account.

4

35. Experian has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties.

36. The inaccurate information reflects negatively upon Plaintiff, Plaintiff's credit application history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

37. The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

38. Plaintiff disputed the inaccurate information with Experian via regular U.S. mail and certified mail.

39. Upon information and belief, within five days of Plaintiff disputing the inaccurate information with Experian, Experian notified the furnisher of Plaintiff's dispute and the nature of the dispute.

40. Upon information and belief, Experian updated the reporting of the inquiry at issue solely based upon the information it received from the furnisher in response to Plaintiff's dispute, this despite Experian being in possession itself of the prior reporting history by the original creditor demonstrating that Defendant had inflated the balance.

41. Specifically, on information and belief, Experian relied only upon the ACDV provided by the furnisher when it had reason to believe that such information was not reliable as it was not consistent with the data provided by another furnisher, Monitronics.

42. Despite Plaintiff's efforts to date, Experian has nonetheless deliberately, willfully, intentionally, recklessly, and negligently failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, has failed to remove the inaccurate information, and has continued to report the derogatory inaccurate information about Plaintiff.

43. Plaintiff has been damaged, and continues to be damaged, in the following ways:

   A. Adverse credit action;

   B. Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report;

   C. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people, both known and unknown;

   D. Denial of credit, loans, financing and/or other damages, not yet known by Plaintiff; and,

   E. Decreased credit score which may result in inability to obtain credit or favorable terms on future attempts.

44. At all times pertinent hereto, the conduct of Experian, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

45. 15 U.S.C. § 1681i(a) of the FCRA provides as follows:

   **Reinvestigation required**

   **. . . if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate. . . .**

46. Experian willfully or negligently failed to conduct a proper and reasonable reinvestigation concerning the inaccurate information in Plaintiff's credit report after receiving notice of the dispute from Plaintiff, in violation of 15 U.S.C. 1681i(a)(1).

47. 15 U.S.C. § 1681i(a) of the FCRA provides as follows:

   **Prompt notice of dispute to furnisher of information**

   **. . . Before the expiration of the 5-business-day period beginning on the date on which a consumer reporting agency receives notice of a dispute**

6

> **from any consumer or a reseller in accordance with paragraph (1), the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person. . . .**

48. Experian willfully or negligently failed to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing agency, in violation of 15 U.S.C. § 1681i(a)(2).

49. 15 U.S.C. § 1681i(a) of the FCRA provides as follows:

> **Consideration of consumer information**
>
> **In conducting any reinvestigation under paragraph (1) with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer in the period described in paragraph (1)(A) with respect to such disputed information.**

50. Experian willfully or negligently failed to consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. § 1681i(a)(4).

51. 15 U.S.C. § 1681i(a) of the FCRA provides as follows:

> **Treatment of inaccurate or unverifiable information**
>
> **. . . If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall—**
>
> **(i) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and. . . .**

52. Experian willfully or negligently failed to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. § 1681i(a)(5).

53. 15 U.S.C. § 1681e(b) of the FCRA provides as follows:

7

> **Accuracy of report**
>
> **Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.**

54. Experian willfully or negligently failed to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. § 1681e(b).

55. The conduct of Experian was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Experian is liable to Plaintiff for the full amount of statutory and actual damages, along with attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor and against Experian as follows:

      A.    Actual damages pursuant to 15 U.S.C.A § 1681n and 15 U.S.C.A. § 1681o;

      B.    Statutory damages pursuant to 15 U.S.C.A. §1681n;

      C.    Costs and attorney's fees pursuant to 15 U.S.C.A. § 1681n and § 1681o

      D.    Such other or further relief as the Court deems proper.

### COUNT II—UNREASONABLE REINVESTIGATION—TRANSUNION

56. Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs 1-25 in this complaint as though fully set forth herein.

57. On January 6, 2021, Plaintiff, through counsel, sent a letter to TransUnion via certified mail, stating that inaccurate information is being reported on his credit report, and asking that the account be removed. (Exhibit B, Transunion Letter).

58. Plaintiff also sent a copy of the same letter via first class mail on the same date.

59. TransUnion received Plaintiff's dispute January 15, 2021, and supporting documentation and noted the dispute on Plaintiff's credit report.

60. However, to date, TransUnion continues to report the tradeline on the account, as recently as March 12, 2021.

61. The tradeline lists numerous inaccuracies including the balance.

62. Despite the foregoing, TransUnion has disseminated credit reports and/or information that Plaintiff owes the foregoing account.

63. TransUnion has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties.

64. The inaccurate information reflects negatively upon Plaintiff, Plaintiff's credit application history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

65. The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

66. Plaintiff disputed the inaccurate information with TransUnion via regular U.S. mail and certified mail.

67. Upon information and belief, within five days of Plaintiff disputing the inaccurate information with TransUnion, TransUnion notified the furnisher of Plaintiff's dispute and the nature of the dispute.

68. Upon information and belief, TransUnion updated the reporting of the inquiry at issue solely based upon the information it received from the furnisher in response to Plaintiff's dispute, this despite TransUnion being in possession itself of the prior reporting history by the

9

original creditor demonstrating that Defendant had inaccurately reported the balance of the account.

69. Specifically, on information and belief, TransUnion relied only upon the ACDV provided by a furnisher when it had reason to believe that such information was not reliable as it was not consistent with the data provided by another furnisher, Monitronics Brinks.

70. TransUnion nevertheless, and unreasonably, relied on information provided by Defendant.

71. Despite Plaintiff's efforts to date, TransUnion has nonetheless deliberately, willfully, intentionally, recklessly, and negligently failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, has failed to remove the inaccurate information, and has continued to report the derogatory inaccurate information about Plaintiff.

72. Plaintiff has been damaged, and continues to be damaged, in the following ways:

   A. Adverse credit action;

   B. Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report;

   C. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people, both known and unknown;

   D. Denial of credit, loans, financing and/or other damages, not yet known by Plaintiff; and,

   E. Decreased credit score which may result in inability to obtain credit or favorable terms on future attempts.

73. At all times pertinent hereto, the conduct of TransUnion, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

74. 15 U.S.C. § 1681i(a) of the FCRA provides as follows:

**Reinvestigation required**

**. . . if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate. . . .**

75. TransUnion willfully or negligently failed to conduct a proper and reasonable reinvestigation concerning the inaccurate information in Plaintiff's credit report after receiving notice of the dispute from Plaintiff, in violation of 15 U.S.C. 1681i(a)(1).

76. 15 U.S.C. § 1681i(a) of the FCRA provides as follows:

**Prompt notice of dispute to furnisher of information**

**. . . Before the expiration of the 5-business-day period beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer or a reseller in accordance with paragraph (1), the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person. . . .**

77. TransUnion willfully or negligently failed to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing agency, in violation of 15 U.S.C. § 1681i(a)(2).

78. 15 U.S.C. § 1681i(a) of the FCRA provides as follows:

**Consideration of consumer information**

**In conducting any reinvestigation under paragraph (1) with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer in the period described in paragraph (1)(A) with respect to such disputed information.**

11

79. TransUnion willfully or negligently failed to consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. § 1681i(a)(4).

80. 15 U.S.C. § 1681i(a) of the FCRA provides as follows:

> **Treatment of inaccurate or unverifiable information**
>
> **. . . If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall—**
>
> **(i) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and. . . .**

81. TransUnion willfully or negligently failed to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. § 1681i(a)(5).

82. 15 U.S.C. § 1681e(b) of the FCRA provides as follows:

> **Accuracy of report**
>
> **Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.**

83. TransUnion willfully or negligently failed to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. § 1681e(b).

84. The conduct of TransUnion was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, TransUnion is liable to Plaintiff for the full amount of statutory

and actual damages, along with attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor and against Transunion as follows:

      A.    Actual damages pursuant to 15 U.S.C.A § 1681n and 15 U.S.C.A. § 1681o;

      B.    Statutory damages pursuant to 15 U.S.C.A. §1681n;

      C.    Costs and attorney's fees pursuant to 15 U.S.C.A. § 1681n and § 1681o

      D.    Such other or further relief as the Court deems proper.

### COUNT III- FAIR DEBT COLLECTION PRACTICES ACT—MRS

85. Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

86. On July 14, 2020, Plaintiff, through counsel, sent a letter to MRS (under its prior name of Perfection Collection LLC) seeking clarification on the alleged debt and stating that Perfection's reporting was not accurate. (Exhibit C, Plaintiff's First Dispute to MRS).

87. MRS received Plaintiff's letter on July 17, 2020.

88. MRS continued to furnish data regarding the alleged debt to each of the major credit bureaus after failing to provide evidence of any assignment or an explanation for varying balances being reported to different bureaus.

89. Plaintiff's letters stated, in part, that the amount reported is not accurate.

90. A statement that "the amount reported is not accurate" evinces the intention to dispute the validity of at least a portion of the purported debt. *Evans*, No. 17-1773, 2018 WL 2035315, at *5. "There is simply no other way to interpret this language." *Id.*

91. On August 7, 2020, MRS communicated credit information regarding the alleged debt to the Transunion consumer reporting agency, including a balance, an account number and the date reported. (Exhibit D, Redacted Excerpt from Plaintiff's TransUnion Report).

92. MRS failed to communicate that Plaintiff's alleged debt was disputed when it communicated other information to TransUnion regarding the alleged debt.

93. On September 18, 2020, Plaintiff, through counsel, again sent a letter to Defendant seeking clarification on the alleged debt and stating that Defendant's reporting was not accurate. (Exhibit E, Plaintiff's Second Letter to MRS).

94. Defendant received Plaintiff's dispute on September 21, 2020.

95. Plaintiff's letter stated, in part, that the amount reported is not accurate.

96. Thereafter, again, on November 6, 2020, MRS communicated credit information regarding the alleged debts to the TransUnion consumer reporting agency, including the balance, an account numbers and the date reported. (Exhibit E, Redacted Excerpt from Plaintiff's TransUnion Report).

97. MRS again failed to communicate that Plaintiff's alleged debt was disputed when it communicated other information to TransUnion regarding the alleged debt.

98. 15 U.S.C. § 1692e of the FDCPA provides as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . . (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**

99. MRS failed to communicate a dispute to the TransUnion credit reporting agency, in violation of 15 U.S.C. § 1692e(8), when it knew or should have known about the dispute and communicated other information regarding the alleged debt to the credit reporting agency.

100. A statement that "the amount reported is not accurate" evinces the intention to dispute the validity of at least a portion of the purported debt. *Evans*, 889 F.3d at 377. "There is simply no other way to interpret this language." *Id.*

101. Credit reporting by a debt collector constitutes an attempt to collect a debt. *E.g., Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed in part to wrench compliance with payment terms from its cardholder").

102. MRS materially lowered Plaintiff's credit score by failing to note Plaintiff's dispute.

103. A debt reported with no dispute results in a much lower credit score than a report of both the debt and the dispute. *Saunders v. Branch Banking and Trust Co. of VA*, 526 F. 3d 142, 146-47 (4th Cir. 2008).

104. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See, Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

WHEREFORE, Plaintiff respectfully asks this Court enter judgment in Plaintiff's favor and against MRS as follows:

      A.    Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

      B.    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

      C.    Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

    D.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted,

By: s/Celetha C. Chatman
One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
**Community Lawyers, LLC.**
20 N. Clark Street, Suite 3100
Chicago, IL 60602
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com